IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CORY ALLEN HIEBERT,

        Petitioner,　　　　　　　　　　　　　　OPINION AND ORDER

        v.　　　　　　　　　　　　　　　　　　　　12-cv-227-wmc

ROBERT WERLINGER, Warden,
Federal Correctional Institution – Oxford,

        Respondent.

---

    Federal prisoner Cory Allen Hiebert petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the result of an administration decision by the United States Bureau of Prisons ("BOP"). In particular, Hiebert challenges a determination that he is not eligible for early release from prison upon the successful completion of the Residential Drug Abuse Treatment Program ("RDAP") outlined in 18 U.S.C. § 3621(e). For reasons set forth briefly below, the petition must be dismissed for failure to state a claim upon which relief can be granted.

BACKGROUND

    In 2007, a grand jury in the United States District Court for the District of North Dakota, Southeastern Division, returned an indictment against Hiebert and several co-defendants, charging them with "conspiracy to possess with intent to distribute a controlled substance, namely, 500 grams or more of methamphetamine." In March of 2008, Hiebert pled guilty as charged to that indictment. In September of 2008, the

1

district court sentenced Hiebert to serve 75 months in federal prison followed by a four-year term of supervised release. Hiebert did not pursue a direct appeal from that conviction or sentence.

Hiebert does not challenge the validity of his underlying conviction or sentence here. Instead, he seeks a writ of habeas corpus to challenge an adverse decision by the Bureau of Prisons regarding his eligibility for early release under 18 U.S.C. § 3621(e), which is available as an incentive at the discretion of the Bop's Director upon a prisoner's successful completion of RDAP.

According to documentation provided by Hiebert, officials at the BOP Designation & Sentence Computation Center ("DSCC") determined in 2011 that Hiebert was not eligible for early release even if he did successfully complete RDAP because he had a prior state court conviction for assault. Based on this determination, Hiebert "declined" to participate in the drug treatment program. Hiebert argues that the DSCC's determination was erroneous because only those prisoners who have committed an aggravated assault are ineligible for early release, noting that the aggravated assault charges against him were eventually reduced to simple misdemeanor assault. Therefore, Hiebert maintains that he is entitled to relief under § 2241.

OPINION

Relief is available under the federal habeas corpus statutes where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2241(c)(3). As such, the writ of habeas corpus provides a remedy exclusively for prisoners challenging the fact or duration of their confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Whereas the statutory remedy found at 28 U.S.C. § 2255 is designated specifically for use by a federal prisoner challenging the validity of his sentence (or § 2254 for a state prisoner), a petition for a writ of habeas corpus under § 2241 is the proper vehicle for challenges to the administration or computation of that sentence. *See Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (citations omitted).

Here, Hiebert challenges neither the administration nor the computation of his prison sentence, but rather seeks relief from the DSCC's administrative decision regarding his eligibility for early release in the event that he successfully completes drug abuse treatment. The Seventh Circuit has recognized that completion of the drug abuse treatment program authorized by § 3621(e) permits, but does not compel a prisoner's early release. *See Bush v. Pitzer*, 133 F.3d 455, 456 (7th Cir. 1997). Therefore, the Seventh Circuit has clarified that § 2241 is not an appropriate vehicle in which to raise a challenge to the Bureau of Prisons' interpretation of the early release incentive outlined in § 3621, because a decision in the prisoner's favor will not automatically entitle him to immediate release or shorten the duration of his confinement. *See Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir. 2004). In other words, if a prisoner's claim is not that he is entitled to be released, but that he is entitled to "an opportunity to be considered for release," then

he must bring that claim in a civil action. *Id*.

Eligibility for early release upon successful completion of RDAP is limited by statute to prisoners convicted of a "nonviolent offense." *Id.* Inmates with a prior felony or misdemeanor conviction for the following offenses are deemed ineligible for early release: intentional homicide, forcible rape, robbery, aggravated assault, arson, kidnapping, or an offense that by its nature or conduct involves sexual abuse committed upon minors. *See* 28 C.F.R. § 550.55(b) (2013); *see also Lopez v. Davis*, 531 U.S. 230, 244-45 (2001) (upholding the categorical restrictions on eligibility for early release as a permissible exercise of the BOP's discretion).

If Hiebert were to complete RDAP successfully, he might be entitled to an order requiring the Bureau of Prisons to consider his eligibility for an early release, but would *not* be entitled to release from custody altogether or to a reduction in the length or duration of his sentence. Thus, Hiebert's claim is not properly raised in a habeas corpus action under § 2241. *See Bush*, 133 F.3d at 456-57 (explaining that a prisoner seeking relief under § 2241 must demonstrate that his custody is unlawful, and not just that an administrative official made a mistake in the implementation of a statute or regulation). Hiebert may also pursue a claim under the Administrative Procedures Act if he believes the agency's determination of ineligibility was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). *See, e.g., Bailey v. Federal Bureau of Prisons*, Case No. 09-cv-360-bbc, 2009 WL 3245914 (W.D. Wis. Oct. 5, 2009).

Provided petitioner completes the residential drug abuse program and wishes to pursue either claim, he may re-file this case as a civil action, which would be subject to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, among other provisions. Because relief is not available on habeas corpus review, however, his petition will be dismissed without prejudice for failure to state a viable claim under 28 U.S.C. § 2241.

ORDER

IT IS ORDERED that Cory Allen Hiebert's petition for a writ of habeas corpus is DISMISSED without prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. § 2241.

Entered this 19th day of December, 2013.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge